UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. GUTIERREZ,<br><br>　　　　Defendant. | No. 2:24-cv-2035 CSK P<br><br><br>ORDER |

　　　　Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that on July 9, 2024, fellow inmate Drake was diagnosed with Heliobacter pylori.  On July 11 and 13, 2024, inmate Drake was allowed to work and handle the inmate population's food, despite such infection.  (ECF No. 1 at 3.)  On July 13, 2024, plaintiff filed a grievance about the health and safety concerns of an infected inmate handling food.  Plaintiff contends that preventative measures should have been taken immediately after Drake's diagnosis.  Defendant S. Gutierrez responded to the grievance on July 15, 2024, noting he had "confirmed with medical staff that any such individuals do not have 'KP' status."[1]  (Id.)  But plaintiff alleges that the housing unit security cameras will show that inmate Drake, despite being infected, worked on July 11, 13, and 16, 2024.  (Id.)  As a result, plaintiff claims he suffered "mental anguish, anxiety and distress."  (Id.)  Plaintiff seeks money damages.  (Id. at 6.)

III.  DISCUSSION

Plaintiff does not indicate whether he is a pretrial detainee awaiting trial, or whether he was convicted and is serving a sentence.  Therefore, the Court screens plaintiff's allegations under both the Eighth and Fourteenth Amendments.

A.   Eighth Amendment

1. Governing Standards

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  Conditions of confinement may be restrictive and harsh.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

---

[1] Plaintiff does not explain the meaning of "KP," but a common military reference to "KP" stands for kitchen patrol or kitchen police.

1  Cir. 2006). However, prison officials must provide prisoners with "food, clothing, shelter,
2  sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th
3  Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).
4      A prison official violates the Eighth Amendment only when two requirements are met:
5  (1) objectively, the prison official's act or omission must be so serious that it results in the denial
6  of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official
7  must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer v.
8  Brennan, 511 U.S. 825, 834 (1994). Thus, to violate the Eighth Amendment, a prison official
9  must have been deliberately indifferent by acting with a "sufficiently culpable mind." Id.
10 "[D]eliberate indifference entails something more than mere negligence." Id. at 835. "Extreme
11 deprivations are required to make out a conditions-of-confinement claim and only those
12 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to
13 form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).
14     Prison officials have a duty to protect inmates from serious communicable diseases.
15 Helling v. McKinney, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent
16 to the exposure of inmates to a serious, communicable disease"); Andrews v. Cervantes, 493 F.3d
17 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and
18 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases—HIV,
19 Hepatitis C, and Heliobacter pylori—and for housing contagious and healthy individuals together
20 during a known "epidemic of hepatitis C"); Maney v. Hall, 2021 WL 354384, at *12 (D. Or. Feb.
21 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to
22 communicable diseases under the Eighth Amendment).
23     2. <u>Discussion</u>
24     Here, plaintiff does not allege that Heliobacter pylori poses a substantial risk of serious
25 harm or include facts addressing the contagious nature of Heliobacter pylori. But assuming that
26 Heliobacter pylori poses a substantial risk of serious harm, plaintiff fails to demonstrate that
27 defendant Gutierrez acted with a culpable state of mind. Indeed, in response to plaintiff's
28 grievance, defendant contacted medical staff who informed him that infected inmates were not

assigned to "KP" duty. Such allegation, standing alone, fails to demonstrate defendant was deliberately indifferent to a substantial risk of harm. Defendant must have known and disregarded the risk to plaintiff's safety. Farmer, 511 U.S. at 837. Plaintiff alleges no facts demonstrating that defendant knew the information provided by medical staff was false, if it was, such that defendant knew plaintiff was at risk after plaintiff filed the grievance on July 13, 2024, or when defendant responded to the grievance on July 15, 2024. Further, plaintiff does not allege that defendant Gutierrez knew the risk Heliobacter pylori posed and had the authority to mitigate the risk but took no steps to mitigate the risk.

For the above reasons, plaintiff's complaint is dismissed, and plaintiff is granted leave to amend.

      B.     Fourteenth Amendment

           1.  Governing Standards

Where a pretrial detainee challenges conditions of confinement, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." Gordon v. Cty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks omitted). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Olivier v. Baca, 913 F.3d 852, 858 (9th Cir. 2019) (citation omitted).

A pretrial detainee's conditions of confinement claim is governed by a purely objective standard. See Gordon, 888 F.3d at 1124-25.[2] Therefore, a pretrial detainee must allege facts showing that: (1) a particular defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put him at

---

[2] The Ninth Circuit has extended the objective deliberate indifference standard to pretrial detainee conditions of confinement claims addressing the denial of medical care, failure to protect, and excessive force claims, and Gordon suggests the Ninth Circuit will extend the standard to all pretrial detainee conditions of confinement claims. See Gordon, 888 F.3d at 1120, 1124 & n.2 (citation omitted).

substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in similar circumstances would have appreciated the high degree of risk—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the detainee's injuries. Id.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

2. Discussion

Again, assuming that Heliobacter pylori poses a substantial risk of serious harm, plaintiff's generalized concern that he was exposed to Heliobacter pylori during food service on three nonconsecutive days is insufficient to state a cognizable Fourteenth Amendment claim. Plaintiff fails to demonstrate that defendant Gutierrez made an intentional decision that put plaintiff at substantial risk of suffering serious harm. Defendant Gutierrez's action in contacting medical staff in response to plaintiff's grievance was not objectively unreasonable. Plaintiff alleges no facts against a properly named defendant that suggest the defendant acted with reckless disregard to plaintiff's conditions of confinement or caused plaintiff injury. Plaintiff fails to show a reasonable officer would have responded differently when medical staff confirmed no infected inmate was assigned to "KP." Therefore, plaintiff's complaint must be dismissed.

C. Conclusion

As set forth above, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

IV. LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how

each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Stanislaus County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 31, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/care2035.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY,<br><br>          Plaintiff,<br><br>   v.<br><br>S. GUTIERREZ,<br><br>          Defendant. | No. 2:24-cv-2035 CSK P<br><br>NOTICE OF AMENDMENT |

     Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

                                                                                _____<br>
                                                                                Plaintiff