UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY,<br><br>    Plaintiff,<br><br>    v.<br><br>S. GUTIERREZ,<br><br>    Defendant. | No. 2:24-cv-2035 CSK P<br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On August 1, 2024, the Court dismissed plaintiff's complaint with leave to amend. (ECF No. 4.) On August 19, 2024, plaintiff filed an amended complaint. (ECF No. 7.)

As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S AMENDED COMPLAINT

Plaintiff alleges that he is a pretrial detainee awaiting trial. (ECF No. 2.) Plaintiff names defendant S. Gutierrez, Operations Sergeant responsible for daily operations at the Stanislaus County Public Safety Center ('Center"), as the sole defendant. (ECF No. 7 at 2-3.) Plaintiff alleges that on July 9, 2024, fellow inmate Drake was diagnosed with Heliobacter pylori, which

plaintiff claims is an infectious disease that can be passed in various ways, require lifetime treatment, and lead to cancer. (Id. at 3.) Plaintiff claims that defendant allowed fellow inmate Drake, who did not have kitchen prep ("KP") status (a requirement for everyone handling food at the Center), "to work while infected and handle the inmate population's food," in violation of the Eighth Amendment. (ECF No. 1 at 3.) Plaintiff contends that defendant should have immediately taken preventative measures and placed inmate Drake on quarantine. Instead, such measures were not taken, and inmate Drake was allowed to work, allegedly exposing staff and inmates to this infectious disease. (Id.) Plaintiff claims "[t]his negligence on the part of [defendant] displays wantonness and a culpable state of mind." (Id. at 4.) Plaintiff seeks, inter alia, money damages. (Id.)

III.   STANDARDS GOVERNING FOURTEENTH AMENDMENT CLAIMS

Where a pretrial detainee challenges conditions of confinement, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." Gordon v. Cty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks omitted). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Olivier v. Baca, 913 F.3d 852, 858 (9th Cir. 2019) (citation omitted).

A pretrial detainee's conditions of confinement claim is governed by a purely objective standard. See Gordon, 888 F.3d at 1124-25.[1] Therefore, a pretrial detainee must allege facts showing that: (1) a particular defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available

---

[1] The Ninth Circuit has extended the objective deliberate indifference standard to pretrial detainee conditions of confinement claims addressing the denial of medical care, failure to protect, and excessive force claims, and Gordon suggests the Ninth Circuit will extend the standard to all pretrial detainee conditions of confinement claims. See Gordon, 888 F.3d at 1120, 1124 & n.2 (citation omitted).

measures to abate that risk, even though a reasonable officer in similar circumstances would have appreciated the high degree of risk—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the detainee's injuries. Id.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

IV.   DISCUSSION

Plaintiff's amended complaint again fails to state a cognizable civil rights claim. In the August 1, 2024 screening order, plaintiff was advised that in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged (ECF No. 4). See Local Rule 220; see also Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("the amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation and citation omitted). In his amended complaint, plaintiff failed to allege how defendant was aware of inmate Drake's infection. It is not obvious how an Operations Sergeant would be aware of an inmate's medical condition.[2] Absent such information, the Court is unable to determine whether defendant made an intentional decision. Also, plaintiff failed to allege how long he was exposed to such infection. This information is necessary to determine whether defendant's actions or omissions posed a substantial risk of serious harm. Plaintiff was also informed in the August 1, 2024 screening order that negligence is insufficient to establish liability. (ECF No. 4 at 6.) Plaintiff must allege facts showing what defendant knew at the time in order for the Court to determine whether a reasonable officer would have acted differently. In addition, plaintiff failed to identify an injury, if any, he allegedly suffered as a result of such

---

[2] Under California law, patients' medical records are confidential. Cal. Civil Code § 56.10(a).

exposure.³

For all of the above reasons, plaintiff's amended complaint must be dismissed. The Court will, however, grant leave to file a second amended complaint.

V.     LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Specifically, plaintiff should address the four elements identified in Gordon, 888 F.3d at 1124-25. Plaintiff is encouraged to file his second amended complaint on the Court's form to ensure he provides all of the necessary information.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez, 806 F.3d at 1008. Once plaintiff files a second amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in an original and amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

³ Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits the recovery of compensatory damages for mental or emotional injuries unless the prisoner has suffered a physical injury that is more than de minimis. Oliver v. Keller, 289 F.3d 623, 626-28 (9th Cir. 2002).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: August 27, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/care2035.14b

Case 2:24-cv-02035-CSK   Document 10   Filed 08/27/24   Page 7 of 7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. CAREY,

    Plaintiff,

  v.

S. GUTIERREZ,

    Defendant.

No. 2:24-cv-2035 CSK P

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Second Amended Complaint
(Check this box if submitting a Second Amended Complaint)

DATED:

_____
Plaintiff